DECISION
Plaintiffs-appellants, John E. and Susan J. Moon, appeal the August 30, 1999 judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Northwest Airlines, Inc., and the September 27, 1999 decision of the court denying appellants' motion for relief from judgment.
Appellants filed an action in negligence against appellee as a result of injuries Mr. Moon sustained while a passenger on a Northwest Airlines flight. Mr. Moon was injured when another passenger opened the overhead compartment directly above his aisle seat and a piece of carry-on luggage fell on his head. Appellants claimed that appellee owed him a duty to exercise the highest degree of care and diligence to prevent injuries to passengers, and that appellee breached its duty and that this breach of duty proximately caused his injuries. On July 23, 1999, appellee filed a motion for summary judgment on the basis that there was no evidence of its negligence. On August 30, 1999, the trial court issued a judgment entry granting summary judgment to appellee. The court noted that the summary judgment motion was unopposed as appellants had not filed a memorandum in opposition and that the matter was before the court for a non-oral hearing pursuant to Loc.R. 21 and 57 of the Court of Common Pleas of Franklin County, General Division. The court proceeded to find the summary judgment motion well-taken and granted it.
On September 15, 1999, appellants filed a motion for relief from judgment. The trial court scheduled a hearing on the Civ.R. 60(B) motion for September 23, 1999. Appellee filed its memorandum opposing Civ.R. 60(B) relief on September 22, 1999, and filed a supplemental memorandum in opposition to the Civ.R. 60(B) motion on September 23, 1999. On September 27, 1999, appellant filed a supplemental memorandum in support of their motion for relief from judgment and filed a request for an evidentiary hearing. On that same date, the trial court issued a decision and entry denying appellants' motion on the basis that they had not demonstrated a meritorious claim to present if relief were granted.
Appellants present the following four assignments of error for review:
FIRST ASSIGNMENT OF ERROR
 LOCAL RULES 21 AND 57 OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS, GENERAL DIVISION, ARE UNCONSTITUTIONAL AND/OR UNENFORCEABLE AS APPLIED TO THE FACTS OF THIS CASE IN THAT SUCH RULES FAIL TO AFFORD PROPER NOTICE TO LITIGANTS.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT FILED PURSUANT TO CIV.R. 60(B).
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (VIA ITS DECISION OVERRULING PLAINTIFF'S RULE 60(B) MOTION) SUCH THAT THIS COURT SHOULD MAKE A DECISION DE NOVO DETERMINATION ON THE MOTION FOR SUMMARY JUDGMENT.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFFS AN EVIDENTIARY HEARING ON PLAINTIFFS' CIV.R. 60(B) MOTION.
In their first assignment of error, appellants allege that Loc.R. 21 and 57 of the Franklin County Court of Common Pleas are unconstitutional and/or unenforceable as applied to the facts of the case because they do not afford proper notice.
Loc.R. 57 provides that all summary judgment motions are set for a non-oral hearing date on the twenty-eighth day following the filing of the summary judgment motion. It also provides that response dates for memorandum contra and replies are governed by Loc.R. 21.01, and that the deadline for filing affidavits, depositions, and other Civ.R. 56(C) evidentiary material shall be filed prior to the day set for the non-oral hearing on the motion.
Loc.R. 21.01 provides that any answer brief opposing a motion shall be served on or before the fourteenth day after the date of service of the motion and that the moving party shall serve any reply brief on or before the seventh day after the date of service of the answer brief. On the twenty-eighth day after the motion is filed, it is deemed submitted to the trial judge.
The clerk's original case schedule includes a notice to all parties stating "all attorneys and parties should make themselves familiar with the court's local rules, including those referred to in this case schedule."
In his affidavit attached to the motion for relief from judgment, appellants' counsel states that he overlooked the local rules and, based upon his review of an October 27, 1998 agreed entry amending the case schedule and setting October 4, 1999 as the cut-off date for decisions on motions and on Civ.R. 56, he believed that appellants' response deadline was October 3, 1999.
Appellants argue that the provisions of Loc.R. 21 and 57 fail to provide proper notice of the scheduling of a hearing on a summary judgment motion and are unconstitutional as applied to the facts and circumstances of the present case. Appellants question the constitutionality of Loc.R. 21 and 57 for the first time before this court, appellants did not raise this issue in their motion for relief from judgment or in any other manner before the trial court.
Ordinarily, a reviewing court will not consider an issue that was not raised or tried in the trial court. State ex rel.Pitz v. Columbus (1988), 56 Ohio App.3d 37, 45. Furthermore, a party cannot raise a constitutional question in the reviewing court when it was not urged in the trial court. State ex rel.Specht v. Bd. of Edn. (1981), 66 Ohio St.2d 178, 182. Accordingly, because appellants did not challenge the constitutionality of Loc.R. 21 and 57 before the trial court, this court will not address the issue.
Alternatively, appellants argue that application of Loc.R. 21 and 57 to the facts and circumstances of the present case have caused such an unconscionable result that they should be deemed unenforceable. Appellants cite no legal precedent for this court to find that application of these rules should have been suspended due to the consequences of their application.
For the above reasons, appellants' first assignment of error is overruled.
In their second assignment of error, appellants assert that the trial court erred when it overruled their motion for relief from judgment.
To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate: (1) a meritorious defense or claim to present if granted relief; (2) entitlement to relief under a ground set forth in Civ.R. 60(B)(1) through (5); and (3) that the motion was made in a reasonable time. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any one of the three requirements is not met, Civ.R. 60(B) relief should not be granted. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149, 151. A trial court's ruling on a Civ.R. 60(B) motion will not be disturbed on appeal absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77.
This court may affirm the trial court's denial of a Civ.R. 60(B) motion if we determine that it is correct for any reason raised in the trial court. Perry v. Gen. Motors Corp.
(1996), 113 Ohio App.3d 318, 324.
In support of the first prong of GTE, appellants argued that their attorney failed to respond to the summary judgment motion as a result of mistake, inadvertence, surprise, or excusable neglect. Attorney conduct that falls substantially below what is reasonable under the circumstances constitutes inexcusable neglect. Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525,536.
Appellants' trial counsel submitted his affidavit along with the motion for relief from judgment. In his affidavit, he acknowledged that he did not review a copy of the local rules until he received the judgment entry granting summary judgment. He noted that this case was the first and only case he had filed in the Franklin County Court of Common Pleas and that, despite practicing law for over twenty years, he had not previously encountered local rules akin to Loc.R. 21 and 57. Counsel also stated that he was a sole practitioner with a small town practice and had an active caseload of between one hundred and two hundred cases. He also acknowledged his responsibility as attorney of record in a case to acquaint himself and familiarize himself with local rules of practice, and that he had not appropriately done so; however, he stated that he believed his mistaken reliance on the case scheduling order and Civ.R. 56 constituted mistake, inadvertence, surprise or excusable neglect.
Case law does not support appellants' argument that their attorney's failure to be familiar with the local rules was excusable neglect under Civ.R. 60(B). In Williams v. Roe (Feb. 2, 1996), Scioto App. No. 95CA2373, unreported, an attorney's failure to respond to a summary judgment motion in accordance with the local rules did not amount to excusable neglect when the attorney relied on Civ.R. 56(C), despite the fact that the attorney was preparing for trial in another case and had a serious jaw infection. In Kohake v. Briggemann (Aug. 17, 1992), Clermont App. No. CA92-01-012, unreported, an attorney's failure to appeal an arbitration award within the time set forth in the local rules due to reliance on another attorney's misrepresentations and the attorney's consequent failure to search the local rules did not constitute excusable neglect. Finally, in Brown v. Akron BeaconJournal Publishing Co. (1991), 81 Ohio App.3d 135, the court found that an out-of-state attorney's unfamiliarity with local procedural rules did not constitute excusable neglect. Id. at 143.
If this court were to find that an attorney's failure to read the local rules of a case constituted excusable neglect, we would be authorizing attorneys to ignore local rules and, hence, defeat their purpose.
This court finds that appellants failed to establish excusable neglect in support of their motion for relief from judgment. Therefore, appellants did not establish their entitlement to relief from judgment and appellants' second assignment of error is overruled.
In their third assignment of error, appellants assert that the trial court erred when it granted summary judgment to appellee.
Summary judgment is appropriate only when there is no genuine issue of material fact to be litigated, the moving party is entitled to judgment as a matter of law and, viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. Once the moving party meets its initial responsibility to inform the trial court of the basis for the motion, the non-movant must produce competent evidence establishing a genuine issue for trial. Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162.
In their summary judgment motion, appellee denied breaching its duty of care owed to Mr. Moon. In support of this position, appellee argued there was no evidence that the overhead bin was overstuffed or improperly loaded, that the bag fell out of the overhead compartment as opposed to falling out of the other passenger's hands, that the overhead bin had a defect or had been improperly latched, or that appellee had violated any FAA regulation. Appellant also noted that it was uncontested that appellee had provided the standard warning to use caution when opening overhead compartment bins because of the possibility that the contents had shifted. Thus, appellee contended that there was no evidence that it had been negligent in regards to the accident leading to Mr. Moon's injuries. Appellee's summary judgment motion is based on the deposition testimony of appellants taken as on cross-examination.
Appellants' theory of recovery is that appellee negligently permitted an overhead bid to be overloaded and, because the bin was overloaded, the bag fell out and hit Mr. Moon when the bin was opened during the flight. Regarding these key issues, appellee cites to Mr. Moon's deposition where, in response to a question of whether he had any reason to believe that the compartment above him was overstuffed or overloaded in any way, he responded: "It was full." (Depo. 45.) Appellee also cites to Mr. Moon's testimony that he was doing paperwork and Mrs. Moon's testimony that she was reading when the unidentified passenger opened the overhead compartment. Appellee contends that, to date, the relevant facts as alleged by appellee in its motion for summary judgment remain uncontested as appellants had failed to provide facts in a form recognized by Civ.R. 56 to establish a genuine issue of fact for trial.
Appellants contend that they have established a genuine issue of material fact as to the issues of whether the overhead compartment was overstuffed, whether the flight attendant was responsible for the improper loading of the compartment, and whether the bag fell from the compartment and was not dropped by the passenger. Appellants rely on the deposition of Mr. Moon and his affidavit filed with their supplemental memorandum in support of their Civ.R. 60(B) motion.
When considering whether the trial court properly granted summary judgment to appellee, this court can only consider the evidence that was before the trial court when it ruled on the summary judgment motion. The depositions of appellants were the only evidence before the court when it decided the summary judgment motion and, consequently, the only evidence this court may consider.
As a common carrier, appellee owed appellants a duty to exercise the highest degree of care for their safety as paying passengers. Khourey v. American Airlines, Inc. (1960), 170 Ohio St. 310,316.
In support of its motion for summary judgment, appellee alleges there was no evidence that the bag fell out of the overhead compartment as opposed to being dropped by the passenger. Appellee cites to the deposition testimony of appellants in which both acknowledged that they did not actually see the bag fall. Appellee argues that, because appellants could not prove why or how the bag fell, they would be forced to rely on mere speculations and conjectures that the bag fell out of the bin as opposed to being dropped by the passenger and, thus, have no chance of proving their negligence claim against appellee.
Appellants argue that the depositions and affidavits establish a genuine issue of material fact that the overhead compartment was overstuffed and overloaded and that the flight attendant either actively participated in the overloading or failed to properly oversee the loading. Presuming the deposition testimony establishes a genuine issue of material fact as to the question of whether the compartment was overloaded, appellants also need to establish a genuine issue of material fact that the bag fell from the compartment when the door was opened due to overloading, as opposed to the normal shifting of bags during flight or the intervening actions of the passenger.
Appellants assert that it can be inferred from the alleged overloaded status of the compartment that the bag fell due to overloading. As additional support appellants rely on Mr. Moon's affidavit submitted with the supplemental memorandum in support of appellants' motion for relief from judgment. As previously noted, this affidavit cannot be considered when reviewing the summary judgment issue. Appellants identify no deposition testimony that would support an inference that it was more likely that the bag fell due to overloading as opposed to normal shifting or being dropped or dislodged by the passenger. Thus, appellants have not established a genuine issue of material fact regarding the key issue of causation. Consequently, the trial court did not err when it granted appellee's motion for summary judgment.
For the above reasons, appellants' third assignment of error is overruled.
In their fourth assignment of error, appellants assert that the trial court erred when it did not grant appellant an evidentiary hearing on their Civ.R. 60(B) motion.
The record reflects that the trial court scheduled a hearing on appellants' Civ.R. 60(B) motion on September 23, 1999. In their brief, appellants contend that this hearing was not an evidentiary hearing but was conducted in chambers in the nature of a pre-trial conference.
Because the record contains no evidence of what transpired at the September 23, 1999 proceeding which was held as scheduled, this court must presume that the court provided appellants an opportunity for a hearing as indicated in the notice.
Appellants' assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas denying appellants' motion for relief from judgment and granting appellee's summary judgment motion are affirmed.
KENNEDY and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.