PERRY, Appellant,

v.

GENERAL MOTORS CORPORATION, Appellee.

[Cite as *Perry v. Gen. Motors Corp.* (1996), 113 Ohio App.3d 318.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE02-198.

Decided Aug. 6, 1996.

---

**5.** We note, however, that Ohio Adm.Code 3301–89–03(F) and (I) imply that the hearing, if one is requested, shall be before a referee.

*Buckley, King & Bluso, Ray P. Drexel* and *James E. Melle,* for appellant.
*Dinsmore & Shohl, Jerome C. Tinianow* and *Kirk M. Wall,* for appellee.

DESHLER, Judge.

This is an appeal by plaintiff, Betty A. Perry, from a judgment of the Franklin County Court of Common Pleas, granting a motion for relief from a default judgment previously entered against defendant, General Motors Corporation.

On July 29, 1994, plaintiff filed a complaint against defendant, alleging causes of action for sex discrimination, age discrimination and infliction of emotional distress. The complaint was sent by certified mail to defendant's Delphi plant in Columbus, Ohio, and was received by Delores J. Adkins, defendant's "specialized clerk." Defendant failed to file an answer or appear in the action. On August 2, 1995, the trial court entered judgment in favor of plaintiff.

On October 13, 1995, defendant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). Accompanying the motion was a memorandum in support, which asserted that defendant had a meritorious defense to plaintiff's claims and that defendant's failure to file an answer was the result of mistake, inadvertence or excusable neglect. Attached to the motion were various affidavits setting forth facts in support of defendant's contention that it was entitled to relief under either Civ.R. 60(B)(1) or (5).

By decision filed January 5, 1996, the trial court granted defendant's motion for relief from judgment, finding that defendant had demonstrated that its failure to answer was the result of mistake, inadvertence or excusable neglect.

On appeal, plaintiff sets forth the following assignment of error for review:

"The trial court abused its discretion and erred when it granted relief from judgment based upon the defendant corporation's large size and inefficiency and negligence in handling service of process, rather than upon proof that the defendant corporation's failure to respond was caused by some extraordinary circumstance not the fault of the corporation."

The central issue raised by plaintiff on appeal is whether the trial court abused its discretion in granting defendant's motion for relief from judgment pursuant to Civ.R. 60(B)(1).

In order to prevail on a motion brought under Civ.R. 60(B), a movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), the motion shall be made "not more than one year after the judgment, order or proceeding was entered or taken." *Id.* A ruling on a motion for relief from judgment pursuant to Civ.R. 60(B) "is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123–1124.

Plaintiff does not challenge the trial court's finding that the motion was timely filed (approximately two and one-half months subsequent to the granting of the default judgment), nor does plaintiff contest the court's further determination that defendant "appears to have a meritorious defense" to plaintiff's claims. Upon review, we find no error in the court's ruling on those issues.

■ Plaintiff's argument focuses upon the trial court's determination that defendant demonstrated that its failure to answer was the result of mistake, inadvertence or excusable neglect.

Civ.R. 60(B) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *." The Ohio Supreme Court has noted that the term "excusable neglect" is "an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined 'excusable neglect' in the

negative and have stated that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, 1105.

In *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609, the court held:

"[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' "

In *Kay, supra,* the court further held:

"Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. *Rose Chevrolet, Inc. [v. Adams* (1988) ], *supra* [36 Ohio St.3d 17], at 20, 520 N.E.2d [564] at 566. Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion." *Id.,* 76 Ohio St.3d at 20, 665 N.E.2d at 1105.

In the present case, defendant submitted a number of affidavits in support of its motion for relief from judgment. The affidavit of Delores Adkins, defendant's specialized clerk, stated the following: On August 3, 1994, she signed a certified mail receipt at defendant's Delphi plant for an envelope from the Franklin County Court of Common Pleas. The envelope was not addressed to any department or person; frequently, certified mail sent to the Delphi plant from a court of law concerns matters relating to child support or garnishment of wages, and it is customary to send mail of this nature to the payroll department. Adkins presumed the envelope contained correspondence concerning child support or garnishment, and she therefore forwarded the envelope to payroll without opening it.

The affidavit of Frank J. Cerny, the supervisor of the salaried personnel department at defendant's Delphi plant, averred that matters relating to equal employment opportunity or affirmative action claims are handled by the personnel department. According to Cerny, defendant has procedures whereby any employee that receives service of process on any legal document other than garnishment or child support must immediately forward the document to general counsel; thereafter, the case is assigned to outside counsel. Attached to defendant's motion was Exhibit A, a copy of defendant's procedures for service of process, indicating that legal documents other than notices of garnishment should be immediately forwarded to the office of the general counsel in Detroit,

Michigan. Cerny averred that the complaint and summons at issue were not received in the salaried personnel department and that the complaint and summons were inadvertently misplaced and had not, to date, been located. Cerny's affidavit also stated that defendant's general counsel had not been notified of the suit in a timely manner.

The affidavit of Larry Lautenschlerger, defendant's payroll supervisor, averred that he received the summons and complaint. Lautenschlerger stated that he was under the impression that the summons and complaint should be sent to the salaried personnel office, and that he was not aware of the company procedure for handling the summons and complaint as outlined in Exhibit A. Lautenschlerger further averred that he believed that he delivered the summons and complaint to the salaried personnel department, but that he had no recollection of exactly where, or to whom, he delivered them. He stated that he did not forward the complaint and summons to defendant's general counsel and that he believed the summons and complaint had been inadvertently misplaced.

In the recent decision of *Kay, supra,* the issue before the Ohio Supreme Court was whether the trial court abused its discretion in denying appellant's motion for relief from a default judgment where the appellant, an attorney, alleged by affidavit that he had prepared an answer but, because of reorganization of the firm's bookkeeping system, the answer was mistakenly returned to a case file by a secretary and never mailed. The Supreme Court held that the trial court's failure to grant appellant's motion for relief from judgment was an abuse of discretion, stating:

"Rather than blankly assert that it was entitled to relief, appellant put forth evidence to substantiate its motion. Appellant's counsel attached three separate affidavits (as well as the prepared answer and pleadings) to attest to the fact that he had timely prepared an answer but that his secretary had inadvertently placed the pleadings back into the file drawer rather than mail them to the court for filing and to opposing counsel. Counsel explained that the failure to file the answer stemmed from the reorganization of the firm's accounting system and was simply an isolated incident and not an ongoing concern. Appellant's counsel did precisely what the rules require of him—through the submission of affidavits and accompanying exhibits, appellant alleged sufficient operative facts tending to show 'excusable neglect.' Since appellant supported its motion with operative facts warranting relief, the trial court should have granted appellant's motion for relief from judgment and abused its discretion in failing to do so." *Kay, supra,* 76 Ohio St.3d at 20–21, 665 N.E.2d at 1105.

A similar issue was also raised in *Hopkins v. Quality Chevrolet, Inc.* (1992), 79 Ohio App.3d 578, 607 N.E.2d 914, where a default judgment was entered against appellee for failure to file an answer. Appellee filed a motion for relief from

judgment, along with affidavits, averring that appellee's president, who normally received all legal matters, was not made aware of the summons and complaint until after default judgment was entered. The affidavit of appellee's president attested that he had reason to believe that a former employee had failed to forward the summons and complaint to his supervisor so that the appropriate actions could be taken. On the basis of the sworn statements submitted with the motion for relief, the trial court found that appellee had established a sufficient case of excusable neglect.

On appeal, the court affirmed the trial court, finding that the trial court could have reasonably concluded that appellee's inaction was the result of excusable neglect. The court stated:

"This holding is consistent with the principle that relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person. See *Sycamore Messenger, Inc. v. Cattle Barons, Inc.* (1986), 31 Ohio App.3d 196, 197, 31 OBR 423, 425, 509 N.E.2d 977, 979; *Enhanced Systems, Inc. v. CBM Computer Ctr.* (July 20, 1989), Cuyahoga App. No. 56978, unreported, 1989 WL 80994. Appellants urge us to reject the holding in these cases and argue that to allow relief from judgment on the basis that a complaint never reached the proper party in charge of legal matters would provide a ready excuse for any corporate party which, for any reason, seeks to vacate a default judgment. This, appellants conclude, would undermine the judicial process and the finality of judgments. We are not persuaded.

"Similar concerns were outlined in a dissenting opinion to the *Sycamore Messenger* case. * * * However, the sham use of this exception will be significantly reduced by requiring sworn affidavits with facts sufficient to demonstrate that the summons and complaint never reached the appropriate person in the corporate hierarchy. As opined by the Butler County Court of Appeals in *Ketterer v. Cincinnati Gas & Elec. Co.* (Aug. 20, 1990), Butler App. No. CA90-02-040, unreported, 1990 WL 120064, the dissent in *Sycamore Messenger* is more persuasive where there is no evidence or sworn affidavits to support the claim that excusable neglect or inadvertent mistake was behind the failure to answer." *Hopkins, supra,* 79 Ohio App.3d at 582-583, 607 N.E.2d at 917.

The court in *Hopkins* also addressed and rejected the contention of appellant that the affidavits submitted were insufficient to provide a factual basis for finding excusable neglect, holding:

"As stated previously, the affidavit by Nourse sets forth that all legal matters are to be referred to either Hendrix or himself. Furthermore, the summons and complaint were not forwarded to anybody until December 17, 1990, when they were placed on the president's desk. It is not essential that the specific identity

of the person responsible for the mishap be revealed. Rather, it is sufficient to show (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant." *Id.* at 583, 607 N.E.2d at 917.

Similarly, in the instant case, defendant supported its motion for relief from judgment with affidavits indicating that the complaint and summons were inadvertently sent to the wrong department and misplaced, and that they were never received by the appropriate person in the corporate hierarchy, *i.e.*, general counsel. Under the circumstances of this case and the authority noted above, and regardless of whether this court might have made the same determination, we are unable to conclude that the trial court abused its discretion in granting defendant's motion for relief from judgment. We note that support for plaintiff's contention that defendant's failure to respond was "defendant corporation's own making and fault" (and thus not legally excusable) may be found in the dissent in *Kay, supra* (situation involving mislaid file did not offer legally cognizable excuse for negligence, *id.* at 22, 665 N.E.2d at 1106, Cook, J. dissenting). This court, however, is bound to follow and apply the reasoning set forth by the majority opinion. Further, none of the cases relied upon by plaintiff involves situations in which an appellate court has found an abuse of discretion from a trial court's granting of Civ.R. 60(B) relief where affidavits were submitted containing operative facts tending to show excusable neglect [1]; nor has this court's research revealed any such authority.

We further note that one of plaintiff's primary contentions is that the trial court erred in holding that the size of defendant's corporation was a relevant factor in finding excusable neglect. Specifically, plaintiff refers to the trial court's statement that "[d]efendant is a large corporation with many offices doing business all over the country. It is reasonable to assume that such a company would not deliberately concede judgment on a claim such as plaintiff's."

We agree with plaintiff's assertion that the size of defendant's corporation is not dispositive of whether the movant has demonstrated grounds for relief under Civ.R. 60(B). However, "[e]ven if a trial court has stated an erroneous basis for its judgment, a reviewing court will affirm the judgment if it is legally correct for another reason." *Jackson v. Ohio Bur. of Workers' Comp.* (1994), 98

---

1. In *Sec. Ins. Co. v. Regional Transit Auth.* (1982), 4 Ohio App.3d 24, 4 OBR 45, 446 N.E.2d 220, one of the cases cited by plaintiff, the appellate court reversed the trial court's grant of a motion for relief under Civ.R. 60(B)(5), rather than Civ.R. 60(B)(1). The court noted that, under Civ.R. 60(B)(5), the catchall provision, relief is to be granted " 'only in extraordinary situations where the interest of justice calls for it.' " *Id.* at 29, 4 OBR at 51, 446 N.E.2d at 225.

Ohio App.3d 579, 585, 649 N.E.2d 30, 34. See, also, *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175 (reviewing court not authorized to reverse correct judgment merely because erroneous reasons assigned as basis thereof). In the present case, the trial court had before it sufficient operative facts, as set forth in the affidavits submitted, as grounds for Civ.R. 60(B)(1) relief to grant defendant's motion to vacate the prior default judgment; thus, even though the trial court may have expressed erroneous reasons in its decision, the court did not abuse its discretion in granting defendant's motion for relief from judgment.

Based upon the foregoing, plaintiff's single assignment of error is overruled, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

BOWMAN and TYACK, JJ., concur.