OPINION
Plaintiffs-appellants, Gary L. and Karen L. Whitaker, appeal the decision of the Clermont County Court of Common Pleas dismissing their "motion to enforce joint stipulation."
Gary and Karen were partners in Current Electrical Lighting Supplies ("Current Electrical") with James A. and Carolyn J. Whitaker. Due to allegations of partner misconduct, Gary and Karen filed suit against James and Carolyn, and vice versa, to dissolve the partnership. To that end, the trial court appointed a receiver and accountant to act on behalf of Current Electrical during litigation. The accountant prepared an accounting of the partnership, and this accounting was given to all parties. The accounting included an inventory of the business and placed a value on the partnership.
The day before trial was to commence, the parties reached a settlement. The settlement agreement was prepared by and read into the record by the court-appointed receiver as follows:
 THE COURT: It's my understanding, outside the presence of the Court, that the parties, through their Counsel, have arrived at some sort of agreement. So at this point I will turn it over to the receiver, Mr. Burner [sic], who will indicate in the presence of all Counsel what his understanding of the agreement is.
 MR. BERNER: This cause came on for a settlement conference, pursuant to negotiations by all parties, on this the 12th day of April, 1999.
 Pursuant to the said negotiations, the parties hereby agree to a final and complete settlement, as follows:
 Both parties have agreed to a sum in the amount which shall be confidential and known only to the parties themselves, which agreed amount may be divulged by either party only to other persons necessary to the settlement of this cause, and only on a need-to-know basis.
 Further, there is a stipulation by and between the parties that the Court appointed an accountant to review independently the finances of the Current Electric partnership, and that to the accountant's best knowledge there existed no financial irregularities in the business, contrary to the assertions of Third Party Defendants, Gary and Karen Whitaker, and/or any other parties.
 Further, the Defendants James and Carolyn Whitaker agree to pay the full costs of this proceeding out of partnership funds.
 Further, the settlement sum of $400,000.00 shall be paid to Gary and Karen Whitaker by the 15th of July, 1999.
 Finally, should there be a breach of the confidentiality agreement on the part of Third Party Defendants Gary and Karen Whitaker, then James and Carolyn Whitaker may proceed with an action in damages based on the breach.
 Transcript of this agreement shall be only by order of this Court. An entry of Dismissal With Prejudice will be filed on or after the 15th of July, 1999.
 MR. STOFFEL [James and Carolyn's counsel]: It is agreed by and between the parties that should the IRS, Internal Revenue Service, or any other creditor levy on the Current Electrical partnership, that the levied sum shall be credited against the $400,000.00 payment identified herein.
 MR. PHILLIPS [Gary and Karen's counsel]: As to any debt owed by Gary and Karen Whitaker.
 Thus, by the settlement, James and Carolyn bought out Gary and Karen's partnership interest for an undisclosed sum of money. Gary and Karen's interest in the Current Electrical partnership terminated on December 31, 1997.
The parties then performed the settlement, including the buy-out of Gary and Karen's partnership interests. On July 28, 1999, the parties filed and the trial court approved a joint stipulation and dismissal with prejudice ("Stipulation"), which read in part:
 The parties further stipulate that all controversies among the parties that could have been brought before this court up to and including the date of this stipulation and dismissal have been resolved between them to their mutual satisfaction.
 The Stipulation thus incorporated the prior settlement as the basis for dismissing the parties' claims.
Thereafter, Current Electrical's accountant revised the partnership's inventory for past years. This revision was done in accordance with the accounting prepared by the court-appointed accountant during litigation. This revision imputed additional income to Gary and Karen for 1997 resulting in additional tax liability. The revision did the same as to James and Carolyn.
Gary and Karen moved the trial court to enforce the Stipulation. They argued that James and Carolyn repudiated the Stipulation, because the inventory and tax revision altered the basis of the settlement by changing the relevant accounting. The trial court held a hearing on the motion. At the conclusion of the hearing, the trial court found that the motion was based upon tax consequences of the Stipulation not considered at the time the Stipulation was executed. The trial court stated that because tax consequences were not part of the Stipulation, Gary and Karen's motion was a nullity. The trial court found that a new lawsuit was required to address the tax issues. Gary and Karen appeal, raising two assignments of error that we will consider in reverse order.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT HOLDING AN EVIDENTIARY HEARING TO DETERMINE THE NATURE AND TERMS OF THE SETTLEMENT AGREEMENT.
 Gary and Karen allege that the trial court should have held an evidentiary hearing on their motion to determine whether accounting and tax issues were part of the Stipulation. At the hearing on their motion, though, they waived an such evidentiary review:
 THE COURT: * * * Both counsel, at this point,
 I would like you to make a record as to the issues involved, summarize the factual issues so we have a record of it, indicate what the law is as far as you're concerned, and I will go forward at this point. I don't think there is any evidence that would require testimony; is that correct?
 MR. PHILLIPS [Gary and Karen's counsel]: That's correct.
 The trial court requested that the parties summarize the factual issues, and counsel for both sides presented the factual arguments underlying their positions. Counsel agreed that testimony on these factual issues was unnecessary. Gary and Karen were given the opportunity to present additional evidence, but they expressly declined to present any such evidence. Because Gary and Karen waived the opportunity to present additional evidence, the trial court was not required to hold a separate evidentiary hearing. The second assignment of error is overruled.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO RULE ON THE MOTION TO ENFORCE THE JOINT STIPULATION.
 Gary and Karen contend that the trial court should have enforced the Stipulation because James and Carolyn repudiated a condition of the Stipulation. Gary and Karen argue that the revision of past inventories in accordance with the court-appointed accountant's report altered the basis of the settlement.
The trial court found Gary and Karen's motion to enforce the stipulation to be a nullity because it found that tax consequences, the subject of the motion, were not a part of the Stipulation. While we disagree with the trial court's conclusion that tax consequences were not included in the parties' agreement, we find that the trial court's decision to dismiss the motion to enforce the stipulation was correct.
The parties were given the court-ordered accounting before settling. The accounting was used in settling and incorporated into the Stipulation. That accounting reviewed the partnership's finances and inventory, thus any tax consequences resulting from the accounting could have been investigated. The Current Electrical inventory and tax revisions were done in accordance with the court-ordered accounting.
Prior to settling, all information needed to determine the tax consequences from the accounting and settlement was in Gary and Karen's hands. Gary and Karen now seek to remedy their decision to not investigate the effects of the accounting and the Stipulation, but this court cannot alter their failure to anticipate that adverse tax consequences might result from the court-ordered accounting. The evidence at the motion hearing established that Gary and Karen were paid in accordance with the Stipulation. Thus, there was no breach of the Stipulation by James and Carolyn.
Contrary to the trial court's decision, the very terms of the Stipulation demonstrate that the accounting and tax consequences were incorporated into the settlement and dismissal:
 The parties further stipulate that all controversies
among the parties that could have been brought before this court up to and including the date of this Stipulation and dismissal have been resolved between them to their mutual satisfaction. (Emphasis added.)
 Any tax consequences resulting from the accounting could have been raised prior to the approval of the stipulation. As tax consequences could have been raised by Gary and Karen but were not, they in effect agreed to any tax consequences, adverse or otherwise, that resulted from the settlement. Their present dissatisfaction is due solely to their own failure to inquire into potential tax consequences.
The trial court incorrectly found that tax consequences were not part of the Stipulation. However, the trial court did correctly dismiss Gary and Karen's motion to enforce the Stipulation because tax issues were in fact incorporated into the Stipulation. Thus, although the trial court stated an erroneous basis for its judgment, it nonetheless achieved the legally correct result. A judgment will be affirmed if it achieves the right result for the wrong reason. Perry v. General Motors Corp.
(1996), 113 Ohio App.3d 318. The first assignment of error is overruled.
WALSH and VALEN, JJ., concur.
 ____________ YOUNG, P.J.