DECISION AND JUDGMENT ENTRY
{¶ 1} Michael R. Butler appeals the Scioto County Court of Common Pleas', Domestic Relations Division, grant of Beth Butler's motion to modify his child support obligation and denial of his motion for relief from judgment. Michael asserts that the trial court failed to give him notice and an opportunity to be heard in an evidentiary hearing before it modified his support obligation. Because Michael participated in an agreed entry wherein the parties agreed to submit evidence by affidavit and, if desired, to request an evidentiary hearing in writing within forty-five days of the agreed entry, and because Michael did not request a hearing, we find that Michael had both notice and an opportunity to be heard. Michael also asserts that the trial court erred in denying his motion objecting to the magistrate's recommendation when the recommendation contained errors on its face. Because Michael failed to raise these objections before the trial court, we find that he waived them. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The trial court dissolved Michael and Beth's marriage on March 21, 2000. The court designated Beth as the residential parent of Michael and Beth's minor children and ordered Michael to pay child support in the sum of $511.01 per month. Approximately one year later, Michael filed a motion to cite Beth for contempt for failure to allow visitation, and Beth filed a motion to modify child support, to modify visitation, and to order psychological evaluations.
 {¶ 3} The trial court held a hearing on Michael's and Beth's motions on May 9, 2001. Both Michael and Beth appeared at the hearing and were represented by counsel. At the hearing, the parties entered into an "Agreed Entry" which provided in relevant part: "The pending motion regarding modification of child support is continued by agreement. The parties to exchange income verification between counsel within two days. The parties to complete discovery requests within thirty days of today. The parties to provide income information and any other relevant information on the pending motion to modify support by affidavit submitted to the Court within forty-five days of today. If either partywishes to have an evidentiary hearing before the Court on the motion formodification, that party shall request the evidentiary hearing withintheir affidavit submitted to the Court." (Emphasis added.)
 {¶ 4} Michael and Beth exchanged income information as agreed upon before the trial court. Neither party served discovery requests upon the other. Beth provided the court with an affidavit containing her income information and other relevant information as required by the agreed entry. Beth did not request a hearing in her affidavit.
 {¶ 5} Michael did not file income information or other relevant information in an affidavit to the court within forty-five days as required by the agreed entry. Nor did Michael meet the forty-five day deadline for requesting a hearing before the court. On September 26, 2001, Michael faxed his income information to the court. However, Michael did not file an affidavit with regard to his income information, and he did not request a hearing.
 {¶ 6} The magistrate made findings regarding the parties' respective gross incomes and the expenditures Beth makes for health insurance for the children, and determined that changes occurred in the parties' income and in circumstances. Thus, the magistrate granted Beth's motion to modify support, and ordered Michael to pay $700.23 per month in child support.
 {¶ 7} Michael filed objections to the magistrate's decision, alleging that he never agreed that the matter could be submitted for consideration in affidavit form, and requesting that the court schedule a hearing. Michael also filed a motion for relief from judgment on the grounds that the court erred in failing to hold a hearing.[1] The trial court overruled Michael's objections to the magistrate's decision and his motion for relief from judgment, finding that Michael waived his right to a hearing by not requesting one as required by the Agreed Entry that he signed.
 {¶ 8} Michael appeals, asserting the following assignments of error: "I. The trial court erred in granting motion to modify support, in light of the failure to afford Defendant-Appellant notice of hearing and reasonable opportunity to be heard as required by the 14th Amendment of the United States Constitution and Article I Section 6 (sic) of the Ohio Constitution. II. The trial court erred in denying the motion for relief from judgment, in light of the Defendant-Appellant's demonstration of operative facts justifying relief and the Plaintiff-Appellee's failure to object. III. The trial court erred in granting the motion to modify support without an evidentiary hearing, where the court was not provided complete information as required by Revised Code 3119.02, 3119.03, 3119.05,3119.68 and was not provided all necessary information to determine which parent may claim the children as dependents for federal tax purposes as required by Revised Code 3119.82. IV. The trial court erred in denying the objection motion where the magistrate's decision contains errors on its face * * *."
 II. {¶ 9} In his first assignment of error, Michael contends that the trial court erred by granting Beth's motion to modify support without due process in accordance with the 14th Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. Specifically, Michael asserts that the court was required to give him seven days notice and an opportunity to be heard pursuant to Civ.R. 6(D), Civ.R. 7(B) and Local Rule V. In making this argument, Michael makes no mention of the Agreed Entry that he signed.
 {¶ 10} While due process rights are afforded to all litigants, those rights may be waived. D.H. Overmyer Co., Inc., of Ohio v. FrickCo. (1972), 405 U.S. 174, 185. Civ.R. 6(D) provides a time frame for hearing motions "unless a different period is fixed by these rules or byorder of the court." (Emphasis added.) In this case, the court issued an order, in the form of an Agreed Entry that Michael and Beth both signed, which provided that the parties agreed to submit their proof via affidavit within forty-five days of the Agreed Entry, and agreed to request a hearing, if desired, within forty-five days of the Agreed Entry. We find that this Agreed Entry shows that Michael had sufficient notice of how the court intended to proceed and a reasonable opportunity to either present evidence by affidavit or request an oral hearing. Michael consented to the court's timeline by signing the Agreed Entry, and he thereby waived any objection to it. Therefore, we find that the trial court did not deny Michael his due process rights.
 {¶ 11} Accordingly, we overrule Michael's first assignment of error.
 III. {¶ 12} In his second assignment of error, Michael contends that the trial court erred in denying his motion for relief from judgment. Michael filed a motion for relief from judgment in the trial court, alleging excusable neglect as grounds for his failure to request a hearing as set forth in the Agreed Entry.
 {¶ 13} In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct that is unreasonable, arbitrary, or unconscionable. Richard at 151, citing State ex rel. Edwards v. ToledoCity School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107.
 {¶ 14} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion.Rose Chevrolet at 20, citing GTE Automatic Electric v. ARC Industries
(1976), 57 Ohio St.3d 146, paragraph two of the syllabus; see, also,Buckeye Fed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312,314, 581. If one of these three requirements is not met, the motion should be overruled. Rose Chevrolet at 20, citing Svoboda v. Brunswick
(1983), 6 Ohio St.3d 348, 351; Hopkins v. Quality Chevrolet, Inc.
(1992), 79 Ohio App.3d 578.
 {¶ 15} Generally, a party's failure to respond to a lawsuit is deemed to be "excusable neglect" only when the party did not receive actual notice of the action against him. See D.G.M., Inc. v. CremeansConcrete Supply Co., Inc. (1996), 111 Ohio App.3d 134 (party failed to demonstrate excusable neglect where failure to answer complaint was based on party's preoccupation with congressional candidacy); compareMoore v. Emmanuel Family Training Center, Inc. (1985), 18 Ohio St.3d 64
(excusable neglect for failure to obey discovery order demonstrated when discovery order was never mailed to adverse party); Perry v. Gen. MotorsCorp. (1996), 113 Ohio App.3d 318 (excusable neglect for failure to answer demonstrated where complaint was mailed to incorrect department within corporation.)
 {¶ 16} In this case, the record shows that Michael had actual notice of the trial court's intent to rule upon the motion to modify child support based upon the evidence submitted to the court within forty-five days of the Agreed Entry, unless one of the parties requested an evidentiary hearing. Therefore, we find that the trial court did not abuse its discretion in finding that Michael's failure to request an evidentiary hearing was not excusable neglect justifying relief from judgment.
 {¶ 17} Accordingly, we overrule Michael's second assignment of error.
 IV. {¶ 18} In his third assignment of error, Michael asserts that the trial court erred in granting the motion to modify support without conducting an evidentiary hearing or otherwise obtaining the "required information" pursuant to R.C. 3119.02, 3119.03, 3119.05, 3119.68, and3119.82.
 {¶ 19} In his objection to the magistrate's decision, Michael complained only that the magistrate failed to afford him his due process rights by failing to conduct an evidentiary hearing. Michael did not object to the magistrate's decision on the basis of a lack of adequate proof pursuant to R.C. 3119.02 et seq. A party waives any error that he could have, but did not, call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.Stores Realty Co. v. Cleveland (1975) 41 Ohio St.2d 41, 43; Van Camp v.Riley (1984), 16 Ohio App.3d 457, 463. A party's failure to make specific objections in the trial court to a magistrate's decision waives his right to make those objections on appeal. Carl v. Carl (Jul. 22, 1999), Ross App. No. 98CA2442. Therefore, Michael waived his objections to any error arising from the trial court's alleged failure to obtain evidence in compliance with R.C. 3119.02 et seq.
 {¶ 20} Further, we note that Michael's objections have no merit. R.C. 3119.02 requires the trial court to consider a completed child support worksheet. A completed child support worksheet was attached to the magistrate's decision. R.C. 3119.03 provides that the child support worksheet establishes an obligation that "is rebuttably presumed to be the correct amount of child support due." The trial court imposed the obligation established by the worksheet. If Michael wished to rebut that presumption, the onus was on Michael to present evidence supporting his position. R.C. 3119.05(A) requires the court to verify the parents' current and past incomes. The trial court had current paystubs and past W-2's for each of the parties.
 {¶ 21} R.C. 3119.05(B) (D) relate to adjustments to a parent's gross income for existing child or spousal support obligations, tax deductions, and overtime. If Michael wished to allege that any of these circumstances applied to his or Beth's income, he should have presented evidence of such in the trial court. Likewise, R.C. 3119.82 relates to special considerations the trial court may consider in determining which parent receives the benefit of the dependant tax deduction for the child or children. Again, Michael presented no evidence relevant to this section to the trial court. Finally, Michael asserts that the trial court did not comply with R.C. 3119.60 3119.67. These sections do not apply in this case, as they relate to an administrative review of the child support obligation, not to a motion to modify the child support obligation.
 {¶ 22} Accordingly, we overrule Michael's third assignment of error.
 V. {¶ 23} In his fourth assignment of error, Michael asserts that the trial court erred in adopting the magistrate's decision when it contained errors of law on its face. Michael asserts that the magistrate's decision contains the following errors: (1) the decision states that the court had taken the opportunity to observe the parties during their testimony, when in fact no testimony was given; (2) the decision makes the modification effective April 10, 2001, but the motion to modify was not filed until April 11, 2001; (3) the decision does not comply with R.C. 3119.02 et seq., as alleged in Michael's third assignment of error.
 {¶ 24} First, we note that Michael did not raise the errors or defects outlined above in his objections to the trial court. Thus, he waived them. Stores Realty Co. at 43; Carl, supra. Additionally, we note that the trial court effectively addressed Michael's first point in its judgment entry, as it specifically found that the parties submitted the motion for decision without an evidentiary hearing per the Agreed Entry. We already disposed of the issues raised by Michael's third point when we overruled his third assignment of error.
 {¶ 25} As to Michael's second point, we agree that as a general rule orders modifying child support may not be made retroactive. Murphyv. Murphy (1984), 13 Ohio App.3d 388; but see Osborne v. Osborne (1992),81 Ohio App.3d 666, 673. In this case, the trial court made the order modifying Michael's child support obligation effective one day prior to the date that Beth filed her motion. We find that this retroactive application of the support order by one day reflects a clerical error, which Michael should have brought to the trial court's attention by filing a motion for relief from judgment pursuant to Civ.R. 60(A). By failing to do so, Michael waived his right to object to the error. StoresRealty Co., supra; Berdine v. Berdine (Aug. 15, 1997), Greene App. No. 96-CA-156.
 {¶ 26} Accordingly, we overrule Michael's fourth assignment of error. Having overruled each of Michael's four assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: concurs in judgment and opinion as to assignments of error I, II, and III; concurs in judgment only as to assignment of error IV.
Harsha, J.: concurs in judgment and opinion.
[1] In addition, Michael filed his own motion to modify child support. That motion is currently pending before the trial court and is not the subject of this appeal.