{¶ 23} I respectfully dissent from the majority opinion which Iinterpret as holding appellant's motion to vacate the default judgmentagainst it is to be granted.
 {¶ 24} I would agree the trial court's denial of appellant'smotion to vacate should be reversed and remanded because of the trialcourt's misplaced reliance on other cases involving default judgmentsagainst appellant.[1] As noted by the majority, the trial court failedto factually distinguish the other case involving National Union whereinthe proffered excusable neglect involved attorney error as opposed toneglect by the defendant itself as is presented in the case sub judice.
 {¶ 25} Furthermore, appellee's response in opposition toappellant's motion to vacate included reference to two other cases whereinanswers had not been timely filed by defendants averred to be"sister/brother" insurance companies of appellant. (See Affidavit ofJames W. Ransbottom, Plaintiff's Exhibit J at 3-4). Although averred,appellee offers no additional evidence to support the allegedrelationship. The affidavit fails to establish how the affiant had firsthand knowledge of the relationships. As appellant points out in itsbrief, these other two cases involved different legal entities. Absentfurther evidence to establish their relationship, the trial court'sreliance on those two cases was inappropriate.
 {¶ 26} I believe the proper disposition of appellant's appealwould be to vacate the trial court's decision and remand the casewith instructions to redetermine appellant's motion to vacate inlight of our finding of improper reliance on those other cases.
 {¶ 27} Colley v. Bazell(1980), 64 Ohio St.2d 243, is not a mandateto grant all defendant's motion to vacate. While the Ohio Supreme Courtclearly announced therein its direction to liberally construe Civ.R.60(B)(1), it stopped short of declaring the failure to do so wouldconstitute an abuse of discretion. By finding the trial court erred indenying appellant's motion, I believe the majority prematurely preemptsthe trial court from exercising its discretion. As such, I mustrespectfully dissent.
[1] The majority offers no critique of the trial court's application ofPerry v. General Motors (1996), 113 Ohio App.3d 318, and its findings with respect thereto, which case was used by the trial court to support its denial of appellant's motion.