[Cite as *Dudek v. Monro Muffler Brake, Inc.*, 2011-Ohio-6876.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| **TODD DUDEK,** | : | **Case No. 2011-CA-00210** |
| | : | |
| | : | **JUDGES** |
| **Appellee,** | : | **Hon. W. Scott Gwin, P.J.** |
| | : | **Hon. William B. Hoffman, J.** |
| **v.** | : | **Hon. Sheila G. Farmer, J.** |
| | : | |
| **MONRO MUFFLER BRAKE, INC.,** | : | |
| | : | |
| **Appellant.** | : | **O P I N I O N** |


CHARACTER OF PROCEEDING:    Civil appeal from the Canton Municipal
Court, Case No. 2010-CVF-3658


JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 30, 2011


APPEARANCES:

For Appellee:

DANIEL J. FUNK
BAKER, DUBLIKAR, BECK, WILEY & MATHEWS
400 South Main Street
North Canton, OH 44720

For Appellant:

JAY E. KRASEVEC
SCHOTTENSTEIN, ZOX & DUNN
Fifth Third Center, 10th Floor
600 Superior Avenue E.
Cleveland, OH  44114


Gwin, P.J.

{¶ 1}   Plaintiff-appellant, Monro Muffler Brake, Inc., appeals from the September

2, 2011, Judgment Entry of the Canton Municipal Court.

STATEMENT OF THE FACTS AND CASE

**{¶ 2}** On June 1, 2010, appellee Todd Dudek filed a complaint against appellant Monro Muffler Brake, Inc. in the Canton Municipal Court. In his complaint, he alleged that he was employed by appellant during 2009, and that appellant breached its agreement with him by failing to pay him a bonus. Appellant was served with a copy of the summons and complaint by certified mail on June 4, 2010.

**{¶ 3}** On July 15, 2010, appellee filed a Motion for Default Judgment against appellant. As memorialized in a Judgment Entry filed on July 19, 2010, the trial court granted such motion and scheduled a hearing on damages for August 10, 2010, at 8:45 a.m.

**{¶ 4}** Thereafter, on August 5, 2010, appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B). Attached to the motion was an affidavit from Robert Mullen, appellant's Vice President of Human Resources. Mr. Mullen, in his affidavit, stated, in relevant part, as follows:

**{¶ 5}** "2. Monro Muffler's internal procedure is to forward all legal documents to its legal department for review. In that regard, Todd Dudek's summons and Complaint should have been forwarded to the legal department.

**{¶ 6}** "3. However, on or about June 4, 2010, Donald Sisson, Human Resources Generalist, received a summons and complaint in the above-captioned matter. Because the Human Resources Department generally does not receive documents related to formal legal proceedings, I was unaware that the documents were evidence that a lawsuit was being initiated by Mr. Dudek against Monro Muffler.

**{¶ 7}** "4. In order to comply with what appeared to be Mr. Dudek's and/or the Court's request for information, I assisted Mr. Sisson in drafting a response to the allegations contained within Mr. Dudek's Complaint. A true and accurate copy of that Response is attached hereto as Exhibit A.

**{¶ 8}** "5. The Response was sent to Mr. Dudek's attorney on or about July 2, 2010. I assisted Mr. Sisson in drafting this Response in good faith and was under the belief that the reply fulfilled any requirements Monro Muffler had in responding to Plaintiff's complaint. Therefore, I did not instruct Mr. Sisson to forward the Complaint to Monro Muffler's legal department.

**{¶ 9}** "6. On or about July 28, 2010, Monro Muffler received a copy of the Judgment Entry against it issued by the Court in connection with Mr. Dudek's Complaint. I forwarded this Judgment Entry to Monro Muffler's legal department for review.

**{¶ 10}** "7. Had I known that the summons and complaint that Mr. Sisson received on or about June 4, 2010 required Monro Muffler to respond by way of filing a formal Answer, I would have instructed Mr. Sisson to forward the same to our legal department. At first glance, however, the summons and complaint appeared to be general employee complaint in the investigatory process that we have addressed in the past by way of informal correspondence, document production and negotiations."

**{¶ 11}** The "response" referred to in paragraph 4 (Exhibit A) was a letter dated July 2, 2010, from Donald Sisson, appellant's Human Resource Specialist, to appellee's counsel.

**{¶ 12}** Pursuant to a Judgment Entry filed on August 6, 2010, the trial court scheduled a hearing on appellant's Motion for Relief from Judgment for August 10, 2010 at 8:45 a.m.

**{¶ 13}** A hearing before a Magistrate was held on August 10, 2010. Pursuant to a Magistrate's Report filed on August 11, 2010, the Magistrate recommended that judgment be rendered in favor of appellee and against appellant in the amount of $14,250.00 plus interest and that appellant's Motion for Relief from Judgment be denied. The Magistrate, in his report, noted that appellant had presented no witnesses or evidence on behalf of appellant at the hearing.

**{¶ 14}** Appellant, on August 25, 2010, filed objections to the Magistrate's Report. Appellant, in its objections, argued that the Magistrate erred in hearing evidence and/or addressing damages because the August 6, 2010 Judgment Entry stated that only appellant's Motion for Relief from Judgment was set for hearing on August 10, 2010. Appellant also argued that the Magistrate erred in finding that appellant did not demonstrate that its failure to file an answer was the result of mistake, inadvertence or excusable neglect.

**{¶ 15}** A hearing on the objections to the Magistrate's Report was held on September 22, 2010. Pursuant to a Judgment Entry filed on September 24, 2010, the trial court denied the objections to the Magistrate's Report.

**{¶ 16}** Appellant timely appealed and this Court denied the appeal for lack of a final appealable order finding "[t]he trial court failed to recite that it was approving and adopting the Magistrate's Decision." See, *Monro Muffler Brake, Inc. v. Dudek*, 5th Dist. No. 2010CA00300, 2011-Ohio-3210, 2011 WL 2565585, ¶26.

**{¶ 17}** On September 2, 2011, the trial court entered a Judgment Entry to correct the omission.

**{¶ 18}** Appellant timely appeals raising the following assignments of error on appeal:

**{¶ 19}** "I. THE TRIAL COURT ERRED IN HEARING EVIDENCE AND/OR ADDRESSING DAMAGES AT THE AUGUST 10, 2010 HEARING, AS THE COURT'S SUBSEQUENT JUDGMENT ENTRY STATES THAT ONLY MONRO MUFFLER'S MOTION FOR RELIEF FROM JUDGMENT WAS SET FOR HEARING ON THAT DATE.

**{¶ 20}** "II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING MONRO MUFFLER DID NOT DEMONSTRATE THAT ITS FAILURE TO FILE A FORMAL ANSWER WAS THE RESULT OF MISTAKE, INADVERTENCE OR EXCUSABLE NEGLECT."

I

**{¶ 21}** Civ. R. 55 states in pertinent part:

**{¶ 22}** "CIV R 55 DEFAULT

**{¶ 23}** "(A) Entry of judgment

**{¶ 24}** "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the

action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

{¶ 25} In the case at bar, by Judgment Entry filed July 19, 2010, the trial court granted appellee's motion for default judgment and set the case for an evidentiary hearing on the amount of damages for August 10, 2010 at 8:45 a.m. Pursuant to a Judgment Entry filed on August 6, 2010, the trial court scheduled a hearing on appellant's Motion for Relief from Judgment for August 10, 2010 at 8:45 a.m.

{¶ 26} At the hearing on appellant's Objections to the magistrate decision held September 22, 2010, the trial court stated:

{¶ 27} "THE COURT: No, no, no. There's no confusion. I'm looking at two separate orders. What confusion could there be? August 10-, - It clearly says that the damage hearing will be held on August 10[th] at 8:45. That's also the time set for the motion for relief from judgment. I don't see anything that says that wasn't going to take place. Show me. Do you have something...?

{¶ 28} "MR. KRASOVEC: I do not have anything...I do not have anything else from the court."

{¶ 29} (T. Sept. 22, 2010 at 7-8).  ). Counsel for appellant acknowledged that appellant was aware of the damages hearing and further that the damages hearing was scheduled prior to the filing of the Motion for Relief from Judgment. The record does not contain any Judgment Entry that indicates that the damages hearing was rescheduled or cancelled by the trial court. In addition, no evidentiary materials were provided that indicate only appellant's Motion for Relief from Judgment would be heard on August 10, 2010.[1] Appellant's counsel was aware well in advance that the damage hearing would take place on August 10, 2010. (T. August 10, 2010 at 4; T. Sept. 22, 2010 at 4).

{¶ 30} A reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921(1964).

{¶ 31} After careful examination of the record, we find that the trial court did not abuse its discretion in holding the damage hearing on August 10, 2010 and denying appellant's request to hold that matter in abeyance or continue it to another date. The record clearly shows that appellant's counsel was not deprived of an opportunity to prepare for the hearing. As such, we find that the trial court did not abuse its discretion when it denied the motion to continue the damage hearing.

{¶ 32} Based on the foregoing, we find Appellant's First Assignment of Error not well taken and hereby overrule it.

II

---

[1] Although counsel for appellant argued that he telephoned the trial court and was informed after inquiring that the damage hearing would not go forward on August 6, 2010, no affidavit or other evidentiary material was submitted to substantiate that claim. (T. Sept. 22, 2010 at 4-5; 7-8).

{¶ 33} Appellant claims the trial court erred in overruling its motion for relief from judgment pursuant to Civ. R. 60( B)( 1) as appellant's failure to answer the complaint constituted excusable neglect. We disagree.

{¶ 34} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Appellee based its Civ.R. 60( B) motion on "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60( B)( 1). In *GTE Automatic Electric Inc. v. ARC Industries,* Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus, the Supreme Court of Ohio held the following:

{¶ 35} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 36} We note there is no bright-line test for excusable neglect. Such a decision must be made from the facts and circumstances of each case. Excusable neglect does not cover "a complete disregard for the judicial system" and the rights of the other party. *GTE Automatic,* supra at 153.

{¶ 37} In the case at bar, the affidavit from Robert Mullen, Vice President of Human Resources established that appellant's internal procedure is to forward all legal documents to its legal department for review. Mr. Mullen's further averred, "Had I known that the summons and complaint that [appellant] received on or about June 4, 2010 required [appellant] to respond by way of filing a formal Answer, I would have instructed Mr. Sisson forward the same to our legal department. At first glance, however, the summons and complaint appeared to be a general employee complaint in the investigatory process that we have addresses in the past by way of informal correspondence, document production and negotiations." (Motion of Defendant Monroe Muffler Brake, Inc. for Relief from Judgment, Affidavit of Robert Mullen, Vice President of Human Resources, filed August 5, 2010, ¶7).

{¶ 38} In finding that appellant failed to establish excusable neglect, the Magistrate, made the following observation,

{¶ 39} "The [court] finds that the Defendants completely disregarded the judicial system and instead attempted to circumvent the system by directly contacting [plaintiff's] counsel. Clearly, the paperwork that was sent to [Defendants] states, 'You have been named defendant(s) in a complaint filed in the Canton Municipal Court…You are hereby summoned and required to serve…an answer…Your answer must be filed with the Court within three days after the service of a copy of the answer on the Plaintiff or Plaintiffs attorney. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint." Again, [Defendants] completely disregarded the above language and there [sic.] own policies…. (Report of the Magistrate Addendum, filed August 11, 2010 at 2).

**{¶ 40}** A party's failure to submit a summons or any legal process to the responsible person is not automatically excusable neglect. Under a less restrictive test, corporations could readily vacate default judgments.

**{¶ 41}** In *Perry v. General Motors Corp.* (1996), 113 Ohio App.3d 318, 680 N.E.2d 1069, cited by appellant, the court found the concern resolved by the use of affidavits containing operative facts tending to show excusable neglect. Id. at 324, 680 N.E.2d 1069. In the case at bar, we agree with the trial court that the documents served upon appellant clearly indicated that a lawsuit had been commenced. According to appellant's own admission, the documents should have been forwarded to the legal department. To allow a corporation to set aside a default judgment because the appropriate individuals claim they did not forward the complaint in accordance with approved corporate procedure under a mistaken belief that it was an informal matter, even though the evidence demonstrates clearly the language of the documents received indicate a formal legal proceeding had been commenced in a court of law would be to render every corporate mistake excusable and Civ.R. 60(B) meaningless. Therefore, we find that the trial court did not abuse its discretion in finding that appellant's failed in their burden to demonstrate excusable neglect justifying relief from judgment.

**{¶ 42}** Appellant's Second Assignment of Error is overruled.

**{¶ 43}** The judgment of the Canton Municipal Court, Stark County, Ohio is hereby affirmed.

Judgment affirmed.

Hoffman, and Farmer, JJ., concur.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| **TODD DUDEK,** | : | **Case No. 2011-CA-00210** |
| | : | |
| | : | **JUDGES** |
| **Appellee,** | : | **Hon. W. Scott Gwin, P.J.** |
| | : | **Hon. William B. Hoffman, J.** |
| **v.** | : | **Hon. Sheila G. Farmer, J.** |
| | : | |
| **MONRO MUFFLER BRAKE, INC.,** | : | |
| | : | |
| **Appellant.** | : | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Canton Municipal Court, Stark County, Ohio is hereby affirmed.  Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER