[Cite as *Marquee Capital, Inc. v. Adiyan*, 2012-Ohio-3154.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97630**

---

# MARQUEE CAPITAL, INC.

PLAINTIFF-APPELLEE

vs.

# SVETLANA C. ADIYAN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-747138

**BEFORE:** Jones, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 12, 2012

**ATTORNEY FOR APPELLANT**

Dale C. Feneli
5001 Mayfield Road
Suite 301
Lyndhurst, Ohio 44124


**ATTORNEY FOR APPELLEE**

Darryl E. Gormley
Reimer, Arnovitz, Chernek & Jeffrey Co.
P.O. Box 968
2450 Edison Boulevard
Twinsburg, Ohio 44087

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Svetlana Adiyan, appeals the trial court's judgment denying her motion for relief from judgment. We reverse and remand.

## I. Procedural History

**{¶2}** In January 2011, plaintiff-appellee, Marquee Capital, Inc., filed this action against Adiyan. Marquee Capital alleged that it was the assignee of credit card debt originally owed by Adiyan to Chase Bank. Marquee Capital alleged that $10,466.55 was due and owing and sought a judgment in that amount against Adiyan. According to its complaint, Adiyan was aware of the assignment of the account to Marquee Capital by Chase Bank.

**{¶3}** The complaint was addressed to Adiyan at a Golden Gate Boulevard address in Mayfield Heights. Service by certified mail was attempted at that address, but was unclaimed. Service was then reissued by regular mail to the same address.

**{¶4}** No answer was filed and Marquee Capital filed a motion for default judgment. In a May 27, 2011 order, the trial court set a default hearing for June 15, 2011, and ordered Marquee Capital to provide notice of the hearing to Adiyan and advise that failure to appear might result in default judgment being entered against her. On June 8, 2011, Marquee Capital filed notice with the court that it had complied with the order, having served Adiyan at the Golden Gate Boulevard address. The default hearing was held as scheduled and Adiyan failed to appear. In a June 20, 2011 judgment, the trial court

granted Marquee Capital's motion for default judgment.

{¶5} On October 4, 2011, Adiyan filed a motion for relief from judgment, wherein she claimed that her failure to answer was excusable neglect. Marquee Capital opposed the motion, and the trial court denied Adiyan's motion. Adiyan filed a motion for reconsideration. The trial court denied the motion, stating that it did not find that Adiyan's "reason for her failure to act constitutes excusable neglect."

{¶6} Adiyan's sole assignment of error reads: "The trial court abused its discretion in the Journal Entries docketed on November 2, 2011 and December 2, 2011 that denied Defendant-Appellant's Motion for Relief from Judgment and Motion for Reconsideration, respectively."

## II.   Law and Analysis

{¶7} An appellate court reviews the denial of a motion for relief from judgment for an abuse of discretion. *Shuford v. Owens*, 10th Dist. No. 07AP-1068, 2008-Ohio-6220, ¶ 15, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 15. An abuse of discretion connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113

(1976), paragraph two of the syllabus. Where the grounds for relief are made under Civ.R. 60(B)(1), (2) or (3), the motion must be made within one year after the judgment, order or proceeding was entered or taken. *Id.*

{¶9} In support of her motion for relief from judgment, Adiyan averred in an affidavit that in the fall or winter of 2008, she received a call from a Chase Bank representative about an outstanding balance on a Chase Bank Mastercard issued in her name. Adiyan averred that she had never applied for or received the credit card and she so informed the bank's representative. The bank continued to call her and she eventually voiced an oral complaint with the bank's fraud department.

{¶10} According to Adiyan, she thereafter completed a form provided by the bank, on which she indicated that none of the transactions subject to the outstanding balance were authorized by her, and returned the form to the bank. Adiyan further averred that after she returned the form she was never contacted by the bank again, and "as a result she concluded that the matter was closed[.]"

{¶11} Adiyan claims that she did not have notice of the lawsuit. In her affidavit, she averred that at the time the action was filed she resided in Richmond Heights, not at the Mayfield Heights address. She denied ever having resided at the Mayfield Heights address. According to Adiyan, the Mayfield Heights property belonged to her son, Ervin Nersesov.

{¶12} Adiyan averred that from January 2011 through August 2011 no one resided at the Mayfield Heights address, but a family member would occasionally go to the

property to retrieve the mail. According to Adiyan, in the spring of 2011, a family member retrieved the mail, which included the motion for default judgment filed by Marquee Capital, an entity she had never heard of or dealt with before. Adiyan averred that "[n]ot understanding the import of the document she telephoned the court and spoke with someone, advising that person that she had nothing to do with the named Plaintiff and concluded that her action in doing so ended the matter[.]"

{¶13} In September 2011, a relative again retrieved the mail at the Mayfield Heights property and delivered to her an invoice with the court costs from this action. Adiyan shortly therafter contacted an attorney and learned that she had been "named as Defendant in the within action, that Plaintiff was an assignee of Chase Bank and that a default judgment had been entered against her * * *."

{¶14} Adiyan averred that she

did not understand that a proceeding was pending against her because she never received a copy of the Complaint or any other documents pertaining to this matter until receiving the Motion for Default Judgment and even then did not understand what Marquee Capital meant to her[.]

{¶15} According to Adiyan, her

lack of knowledge regarding civil litigation in the United States[1] and the failure of Plaintiff to perfect service of process upon her at her residence, even though Plaintiff's predecessor in interest knew where she resided, prevented her from defending her interest in this proceeding[.]

{¶16} In opposition to Adiyan's motion, Marquee Capital submitted a record from

---

[1]Adiyan averred that she is a 1991 immigrant to the United States from the former Soviet Union.

the Cuyahoga County Auditor's office showing that Adiyan and Nersesov purchased the Mayfield Heights property in October 2005. Marquee Capital acknowledged, however, that the county records further showed that in June 2009, Adiyan deeded her interest in the property to Nersesov.

{¶17} Because the trial court found that Adiyan failed to establish the second prong under *GTE,* entitlement to relief on the ground of excusable neglect, we limit our discussion to that finding.

{¶18} "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Kay v. Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). Unusual or special circumstances can justify neglect, but if the party could have controlled or guarded against the happening or event she later seeks to excuse, the neglect is not excusable. *Natl. City Bank v. Kessler*, 10th Dist. No. 03AP-312, 2003-Ohio-6938, ¶ 14. "[A] determination of excusable neglect will turn on the facts and circumstances presented in each case." *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 582, 607 N.E.2d 914 (1992), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980) and *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978). The concept of excusable neglect must be construed in keeping with the notion that Civ.R. 60(B)(1) is a remedial rule to be construed liberally. *Perry v. Gen. Motors Corp.*, 113 Ohio App.3d 318, 321, 680 N.E.2d 1069 (10th Dist. 1996), citing *Colley* at 248.

{¶19} Upon review, we find that Adiyan set forth operative facts demonstrating that her failure to defend in this action was excusable neglect. Specifically, she claimed that

the complaint was not received by her at her residence, she was unfamiliar with Marquee Capital, and that any account opened in her name with Chase Bank was done so fraudulently.

{¶20} On this record, the trial court abused its discretion in denying Adiyan's motion for relief from judgment. The sole assignment of error is sustained and the trial court's judgment is reversed.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR