OPINION *Page 2 
{¶ 1} Defendant-appellant Jennifer L. Turcott ("Mother") appeals the February 20, 2008 Judgment Entry of the Richland County Court of Common Pleas, Division of Domestic Relations, which overruled her objections to the Magistrate's Decision filed October 30, 2007. Plaintiff-appellee is Jason N. Yoho ("Father").
 STATEMENT OF THE CASE[1] {¶ 2} On February 3, 2005, the parties entered into a Shared Parenting Plan. Mother requested a modification of the child support order contained therein. The Richland County Child Support Enforcement Agency issued an administrative Modification and Recommendation on May 5, 2007. Father requested a court review of the agency's proposed modification of child support.
 {¶ 3} Following a hearing before a magistrate, the Magistrate's Decision was issued on October 30, 2007. Mother filed objections. On February 20, 2008, the trial court filed a Judgment Entry overruling Mother's objections. It is from that judgment entry, Mother prosecutes this appeal, assigning as error:
 {¶ 4} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR OF LAW BY FAILING TO CONSIDER THE BEST INTEREST OF THE CHILD BY DEVIATING FROM THE MANDATORY CHILD SUPPORT AND REDUCING IT FROM $360.00 TO $160.00 PER MONTH. *Page 3 
 {¶ 5} "II. THE TRIAL COURT ERRED AT LAW BY FAILING TO FOLLOW THE MANDATORY PROCEDURES SET FORTH IN R.C. 3119.79 AND FAILING TO MAKE FINDINGS REQUIRED BY R.C. 3119.24 CONCERNING SHARED PARENTING.
 {¶ 6} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONSIDERING THE BENEFITS OF THE TAX EXEMPTION GRANTED TO APPELLEE AS A DEVIATION FACTOR UNDER R.C. 3119.23(I) WHEN ALSO AWARDING A 56% DEVIATION IN THE MANDATORY CHILD SUPPORT."
 {¶ 7} Before addressing the merits of Mother's arguments, we raise, sua sponte, our concern as to whether this Court has jurisdiction to hear this appeal.
 {¶ 8} Ohio Civ. R. 53(D) reads:
 {¶ 9} "(4) Action of court on magistrate's decision and on anyobjections to magistrate's decision; entry of judgment or interim orderby court.
 {¶ 10} "(a) Action of court required. A magistrate's decision is not effective unless adopted by the court.
 {¶ 11} "* * *
 {¶ 12} "(e) Entry of judgment or interim order by court. A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order."
 {¶ 13} Upon review, the trial court's February 20, 2008 Judgment Entry states the following:
 {¶ 14} "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION ARE OVERRULED. *Page 4 
 {¶ 15} "IT IS FURTHER ORDERED that the court costs are taxed to the Plaintiff, payable to the Richland County Clerk of Courts.
 {¶ 16} "SO ORDERED, ADJUDGED, AND DECREED."
 {¶ 17} February 20, 2008 Judgment Entry at pg. 3.
 {¶ 18} The trial court gave a thorough discussion of its reasons for overruling Mother's objections. However, the trial court failed to recite it was adopting the Magistrate's Decision. While we recognize this was in all likelihood merely an oversight, we, nevertheless, find such omission fails to comply with the mandate of Civ. R. 53(D). Accordingly, we find this Court lacks jurisdiction because no final appealable order exists. (For a similar result see Cropley v.Cappell-Bovee (December 22, 2008), Stark Appeal No. 2007CA00266.
 {¶ 19} Mother's appeal is dismissed.
 By: Hoffman, P.J., Farmer, J. and Edwards, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, Appellant's appeal is dismissed. Costs to Appellant.
[1] A rendition of the facts is not necessary for our resolution of this appeal. *Page 1