[Cite as *Frank v. Manns*, 2011-Ohio-3034.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| JOHN R. FRANK, ADMINISTRATOR | : | W. Scott Gwin, P.J. |
| WITH WILL ANNEXED OF THE | : | Sheila G. Farmer, J. |
| ESTATE OF CLETUS P. | : | Julie A. Edwards, J. |
| MCCAULEY, DECEASED | : | |
| | : | Case No. 2010CA00123 |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | O P I N I O N |
| | : | |
| TAMMY MANNS, et al., | | |
| | | |
| Defendants-Appellants | | |


CHARACTER OF PROCEEDING:            Civil Appeal from Canton Municipal
                                    Court Case No. 2009CVG9616

JUDGMENT:                           Dismissed

DATE OF JUDGMENT ENTRY:             June 20, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendants-Appellants

JOHN R. FRANK                       JEFFRY V. SERRA
T.K. Harris Building – Suite 102A   The Ferruccio Law Firm, LPA
3930 Fulton Drive, N.W.             220 Market Avenue, South
Canton, Ohio  44718                 Suite 400
                                    Canton, Ohio  44702

*Edwards, J.*

{¶1} Defendants-appellants, Tammy and Matthew Manns, appeal from the April 23, 2010, Judgment Entry of the Canton Municipal Court overruling their objection to the Magistrate's Decision. Appellee is John Frank, Administrator of the Estate of Cletus McCauley.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellants Tammy and Matthew Manns entered into a rental agreement with Cletus McCauley for specified property and resided at the same for approximately 10 years. After McCauley passed away, Paula Clark, as Executrix of his Estate,[1] filed a forcible entry and detainer action against appellants on December 21, 2009, in Canton Municipal Court seeking a writ of restitution and damages.

{¶3} The Magistrate, pursuant to a report filed on January 11, 2010, recommended that a writ of restitution be entered and the cause of action for damages be continued. Pursuant to a Judgment Entry filed on January 14, 2010, the trial court approved and confirmed the Magistrate's report. A writ of restitution in favor of McCauley's estate was issued on January 14, 2010.

{¶4} On March 31, 2010, a hearing on the issue of damages was held before a Magistrate. The Magistrate, in a report filed on April 7, 2010, recommended that judgment be entered in favor of appellee and against appellants in the amount of $5,963.00 plus costs and interest. The Magistrate found that "[t]estimony and exhibits presented during the hearing indicate the following items are owed and or are damaged beyond normal wear and tear:

---

[1] John Frank, as Administrator of the Estate of Cletus McCauley, filed a Notice as the Substitute Fiduciary and Substitute Defendant-Appellee on August 11, 2010.

{¶5} "1. (5) Interior doors = $1,000

{¶6} "2. Carpet = $1,343

{¶7} "3. Rear door = $575

{¶8} "4. Paneling repair = $100

{¶9} "5. Light fixtures = $300

{¶10} "6. Stove/refrigerator = $275

{¶11} "7. Ceiling work = $150

{¶12} "8. Siding repair = $450

{¶13} "9. Front door = $575

{¶14} "10. Trash haul = $375

{¶15} "11. Labor = $600

{¶16} "12. Rent = $600

{¶17} "Total = $5,963

{¶18} The Magistrate, in his report, further found other alleged damages were not supported by the evidence and also held that appellee was not entitled to punitive damages or attorney fees.

{¶19} On April 20, 2010, appellants filed an objection to the Magistrate's Decision. Appellants, in their objection, argued that, at the damages hearing, appellee submitted a "Quote" (Exhibit M) from Tim Cugini breaking down costs to repair certain items within the rental house. Appellants maintained that they objected at the hearing to the admission of this exhibit on the basis that it was not properly authenticated because Cugini was not present at the damage hearing to testify and because the document was hearsay. Appellants argued that the Magistrate, therefore, should not

have considered the same in awarding damages to appellee. Appellants, in their objection, further argued that based on the testimony of Paula Clark, none of the items contained in the "Quote" were ever actually repaired and that no evidence was proffered as to the actual damages incurred.

**{¶20}** As memorialized in a Judgment Entry filed on April 23, 2010, the trial court overruled the objection.

**{¶21}** Appellants now raise the following assignment of error on appeal:

**{¶22}** "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S DECISION DATED APRIL 7, 2010 WHEREIN THE MAGISTRATE ADMITTED AND AWARDED DAMAGES TO APPELLEE BASED UPON AN UNAUTHENTICATED, HEARSAY DOCUMENT."

**{¶23}** However, before addressing the merits of appellants' arguments, we raise, sua sponte, our concern as to whether this Court has jurisdiction to hear this appeal.

**{¶24}** Ohio Civ. R. 53(D) reads:

**{¶25}** "(4) *Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.*

**{¶26}** "(a) *Action of court required.* A magistrate's decision is not effective unless adopted by the court.

**{¶27}** " * * *

**{¶28}** "(e) *Entry of judgment or interim order by court.* A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order."

**{¶29}** The trial court's April 23, 2010, Judgment Entry states as follows: "Defendant's Objection to the Magistrate's Decision filed April 20, 2010 is not well-taken;

Wherefore, Defendant's Objection to the Magistrate's Decision was reviewed and is overruled."

{¶30} The trial court failed to recite that it was approving and adopting the Magistrate's Decision. While we recognize this was in all likelihood merely an oversight, we, nevertheless, find that such omission fails to comply with the mandate of Civ. R. 53(D). Accordingly, we find this Court lacks jurisdiction because no final appealable order exists. See *Cropley v. Cappell-Bovee*, Stark Appeal No. 2007CA00266, 2008-Ohio-6800, and *Yoho v. Turcott*, Richland App. No. 08CA30, 2009-Ohio-178.

{¶31} Appellants' appeal is, therefore, dismissed for a want of a final, appealable order.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

                                    JUDGES

JAE/d0204

[Cite as *Frank v. Manns*, 2011-Ohio-3034.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JOHN R. FRANK, ADMINISTRATOR :
WITH WILL ANNEXED OF THE :
ESTATE OF CLETUS P. :
MCCAULEY, DECEASED :
:
              Plaintiff-Appellee :
:
:
-vs- : JUDGMENT ENTRY
:
TAMMY MANNS, et al., :
:
              Defendants-Appellants : CASE NO. 2010CA00123


For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Canton Municipal Court is dismissed. Costs assessed to appellants.

                             _____

                             _____

                             _____

                                    JUDGES