[Cite as *Monro Muffler Brake, Inc. v. Dudek*, 2011-Ohio-3210.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| MONRO MUFFLER BRAKE, INC., | : | W. Scott Gwin, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00300 |
|  | : |  |
|  | : |  |
| TODD DUDEK | : | O P I N I O N |
|  |  |  |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:         Civil Appeal from Canton Municipal
                                 Court Case No. 2010-CVF-3658

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:          June 28, 2011

APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

JAY E. KRASEVEC, ESQ.                    DANIEL J. FUNK
Schottenstein, Zox &                     Baker, Dublikar, Beck,
Dunn Co., LPA                            Wiley & Mathews
Fifth Third Center, 10th Floor           400 South Main Street
600 Superior Ave., East                  North Canton, Ohio  44720
Cleveland, Ohio  44114

*Edwards, J.*

{¶1} Plaintiff-appellant, Monroe Muffler Brake, Inc., appeals from the September 24, 2010, Judgment Entry of the Canton Municipal Court.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On June 1, 2010, appellee Todd Dudek filed a complaint against appellant Monroe Muffler Brake, Inc. in the Canton Municipal Court. In his complaint, he alleged that he was employed by appellant during 2009, and that appellant breached its agreement with him by failing to pay him a bonus. Appellant was served with a copy of the summons and complaint by certified mail on June 4, 2010.

{¶3} On July 15, 2010, appellee filed a Motion for Default Judgment against appellant. As memorialized in a Judgment Entry filed on July 19, 2010, the trial court granted such motion and scheduled a hearing on damages for August 10, 2010, at 8:45 a.m.

{¶4} Thereafter, on August 5, 2010, appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B). Attached to such motion was an affidavit from Robert Mullen, appellant's Vice President of Human Resources. Mullen, in his affidavit, stated, in relevant part, as follows:

{¶5} "2. Monro Muffler's internal procedure is to forward all legal documents to its legal department for review. In that regard, Todd Dudek's summons and Complaint should have been forwarded to the legal department.

{¶6} "3. However, on or about June 4, 2010, Donald Sisson, Human Resources Generalist, received a summons and complaint in the above-captioned matter. Because the Human Resources Department generally does not receive documents

related to formal legal proceedings, I was unaware that the documents were evidence that a lawsuit was being initiated by Mr. Dudek against Monro Muffler.

{¶7}  "4. In order to comply with what appeared to be Mr. Dudek's and/or the Court's request for information, I assisted Mr. Sisson in drafting a response to the allegations contained within Mr. Dudek's Complaint.  A true and accurate copy of that Response is attached hereto as Exhibit A.

{¶8}  "5. The Response was sent to Mr. Dudek's attorney on or about July 2, 2010.  I assisted Mr. Sisson in drafting this Response in good faith and was under the belief that the reply fulfilled any requirements Monro Muffler had in responding to Plaintiff's complaint.  Therefore, I did not instruct Mr. Sisson to forward the Complaint to Monro Muffler's legal department.

{¶9}  "6. On or about July 28, 2010, Monro Muffler received a copy of the Judgment Entry against it issued by the Court in connection with Mr. Dudek's Complaint.  I forwarded this Judgment Entry to Monro Muffler's legal department for review.

{¶10}  "7. Had I known that the summons and complaint that Mr. Sisson received on or about June 4, 2010 required Monro Muffler to respond by way of filing a formal Answer, I would have instructed Mr. Sisson to forward the same to our legal department.  At first glance, however, the summons and complaint appeared to be general employee complaint in the investigatory process that we have addressed in the past by way of informal correspondence, document production and negotiations."

{¶11} The "response" referred to in paragraph 4 (Exhibit A) was a letter dated July 2, 2010, from Donald Sisson, appellant's Human Resource Specialist, to appellee's counsel.

{¶12} Pursuant to a Judgment Entry filed on August 6, 2010, the trial court scheduled a hearing on appellant's Motion for Relief from Judgment for August 10, 2010 at 8:45 a.m.

{¶13} A hearing before a Magistrate was held on August 10, 2010. Pursuant to a Magistrate's Report filed on August 11, 2010, the Magistrate recommended that judgment be rendered in favor of appellee and against appellant in the amount of $14,250.00 plus interest and that appellant's Motion for Relief from Judgment be denied. The Magistrate, in his report, noted that appellant had presented no witnesses or evidence on behalf of appellant at the hearing.

{¶14} Appellant, on August 25, 2010, filed objections to the Magistrate's Report. Appellant, in its objections, argued that the Magistrate erred in hearing evidence and/or addressing damages because the August 6, 2010 Judgment Entry stated that only appellant's Motion for Relief from Judgment was set for hearing on August 10, 2010. Appellant also argued that the Magistrate erred in finding that appellant did not demonstrate that its failure to file an answer was the result of mistake, inadvertence or excusable neglect.

{¶15} A hearing on the objections to the Magistrate's Report was held on September 22, 2010. Pursuant to a Judgment Entry filed on September 24, 2010, the trial court denied the objections to the Magistrate's Report.

{¶16} Appellant now raises the following assignments of error on appeal:

{¶17} "I. THE TRIAL COURT ERRED IN HEARING EVIDENCE AND/OR ADDRESSING DAMAGES AT THE AUGUST 10, 2010 HEARING, AS THE COURT'S SUBSEQUENT JUDGMENT ENTRY STATES THAT ONLY MONRO MUFFLER'S MOTION FOR RELIEF FROM JUDGMENT WAS SET FOR HEARING ON THAT DATE.

{¶18} "II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING MONRO MUFFLER DID NOT DEMONSTRATE THAT ITS FAILURE TO FILE A FORMAL ANSWER WAS THE RESULT OF MISTAKE, INADVERTENCE OR EXCUSABLE NEGLECT."

{¶19} However, before addressing the merits of appellant's arguments, we raise, sua sponte, our concern as to whether this Court has jurisdiction to hear this appeal.

{¶20} Ohio Civ. R. 53(D) reads:

{¶21} "(4) *Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.*

{¶22} "(a) *Action of court required.* A magistrate's decision is not effective unless adopted by the court.

{¶23} " * * *

{¶24} "(e) *Entry of judgment or interim order by court.* A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order."

{¶25} The trial court's September 24, 2010, Judgment Entry states as follows: "Defendant's Objection to the Magistrate's Decision filed August 25, 2010 is not well-taken; Wherefore, Defendant's Objection to the Magistrate's Decision is DENIED."

{¶26} The trial court failed to recite that it was approving and adopting the Magistrate's Decision. While we recognize this was in all likelihood merely an oversight, we, nevertheless, find that such omission fails to comply with the mandate of Civ. R. 53(D). Accordingly, we find this Court lacks jurisdiction because no final appealable order exists.  See *Cropley v. Cappell-Bovee*, Stark Appeal No. 2007CA00266, 2008-Ohio-6800, and *Yoho v. Turcott*, Richland App. No. 08CA30, 2009-Ohio-178.

{¶27}  Appellant's appeal is, therefore, dismissed for a want of a final, appealable order.

By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d0601

[Cite as *Monro Muffler Brake, Inc. v. Dudek*, 2011-Ohio-3210.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MONRO MUFFLER BRAKE, INC., | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TODD DUDEK | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010CA00300 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Canton Municipal Court is dismissed. Costs assessed to appellant.

_____

_____

_____

JUDGES